IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
**IN ADMIRALTY**

CASE NO: 0:25-cv-60759-WPD

OYSTER VOYAGES, LLC, a
Florida Limited Liability Company,

    Plaintiff/Counter-Defendant,

vs.

YACHT MANAGEMENT, LLC.,
a Florida Limited Liability Company,

    Defendant/Counterclaimant.

_____/

### YACHT MANAGEMENT, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

COMES NOW, the Defendant, YACHT MANAGEMENT, LLC (hereinafter "YM") by and through its undersigned counsel and hereby serves its Answer, Affirmative Defenses and Counterclaim to the Complaint of Plaintiff, OYSTER VOYAGES, LLC (hereinafter "Plaintiff") as follows:

### JURISDICTION AND VENUE

1. This paragraph is a statement of Plaintiff's claims in the Complaint and does not require a response. Otherwise, denied.

2. Admitted.

3. In response to paragraph 3 of the Complaint, YM admits only that Plaintiff is a Florida LLC. The remaining allegations of paragraph 3 are denied.

4. In response to paragraph 4 of the Complaint, YM admits only that it is a Florida LLC. The remaining allegations of paragraph 4 are denied.

5. YM does not contest venue in this Court.

6. Denied.

## RESPONSE TO GENERAL ALLEGATIONS

7. Admitted.

8. In response to paragraph 8 of the Complaint, YM admits that on or about September 2, 2022, Plaintiff contracted with Defendant under YM's Monthly Service Plan. The remaining allegations of paragraph 8 are denied.

9. In response to paragraph 9 of the Complaint, YM admits that the monthly services included interior and exterior cleaning, system checks, hull cleaning and other services.

10. In response to paragraph 10 of the Complaint, YM admits that Plaintiff agreed to pay $3,200.00 per month for YM's Monthly Service Plan. The remaining allegations of paragraph 10 are denied.

11. Denied as phrased in the Complaint.

12. In response to paragraph 12 of the Complaint, admitted that YM agreed to maintain certain records as set forth in the YM Monthly Service plan. The remaining allegations of paragraph 12 are denied.

13. In response to paragraph 13 of the Complaint, YM admits that Plaintiff paid the monthly service plan fee in certain months, but then defaulted and failed to pay the monthly service plan fee as set forth in the lien and as will be set forth in the Counterclaim below.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Without knowledge of Plaintiff's audit, but denied that Plaintiff was charged for unauthorized work in the amount of $28,000.00.

20. Denied.

21. Admitted that a lien was recorded as Plaintiff refused to pay charges due and stopped communicating with YM.

22. Admitted that the lien amount against the Vessel is $10,944.00, but denied that this figure comprises YM's total damages.

23. Denied.

24. Denied as phrased.

25. Denied.

26. Denied.

27. Without knowledge and therefore denied.

## RESPONSE TO COUNT I
## DISCHARGE OF MARITIME CLAIM OF LIEN

28. In response to paragraph 28 of the Complaint, YM re-alleges its responses to paragraphs 1-27 above.

29. Admitted that the lien amount against the Vessel is $10,944.00, but denied that this figure comprises YM's total damages.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. In response to paragraph 35 of the Complaint, YM admits only that 46 U.S.C. Section 31343 provides for this remedy, otherwise denied.

36. Denied.

WHEREFORE having answered Count I of the Complaint, Yacht Management, LLC, requests that the Court enter judgment in its favor and deny all relief requested by Plaintiff, Oyster Voyages, LLC.

## RESPONSE TO COUNT II
## BREACH OF MARITIME CONTRACT

37. In response to paragraph 37 of the Complaint, YM re-alleges its responses to paragraphs 1-27 above.

38. In response to paragraph 38 of the Complaint, YM admits that on or about September 2, 2022, Plaintiff contracted with Defendant under YM's Monthly Service Plan. The remaining allegations of paragraph 38 are denied.

39. Denied as phrased in the Complaint.

40. In response to paragraph 40 of the Complaint, admitted that YM agreed to maintain certain records as set forth in the YM Monthly Service plan. The remaining allegations of paragraph 40 are denied.

41. In response to paragraph 41 of the Complaint, YM admits that Plaintiff paid the monthly service plan fee in certain months, but then defaulted and failed to pay the monthly service plan fee as set forth in the lien and as will be set forth in the Counterclaim below.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

WHEREFORE having answered Count II of the Complaint, Yacht Management, LLC, requests that the Court enter judgment in its favor and deny all relief requested by Plaintiff, Oyster Voyages, LLC.

## RESPONSE TO COUNT III
## BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE

49. In response to paragraph 49 of the Complaint, YM re-alleges its responses to paragraphs 1-27 above.

50. In response to paragraph 50 of the Complaint, YM admits that an implied warranty of workmanlike performance arises under general maritime law for work performed pursuant to contract. The remaining allegations of paragraph 50 are denied.

51. Denied as phrased.

52. Denied.

53. Denied.

WHEREFORE having answered Count III of the Complaint, Yacht Management, LLC, requests that the Court enter judgment in its favor and deny all relief requested by Plaintiff, Oyster Voyages, LLC.

## YACHT MANAGEMENT DEFENSES, AFFIRMATIVE DEFENSES AND SPECIFIC DENIALS

1. As its First Affirmative Defense or defense, YM asserts that Plaintiff, its captain or its agents authorized all work performed by YM in the invoices which comprise the lien and further accepted the work after completion. Plaintiff did not object to the work contained in these

invoices until after the lien was filed, thereby waiving the right to rescind that acceptance and refuse to pay the sums due to YM.

2. As its Second Affirmative Defense or defense, YM asserts that Plaintiff, its captain or its agents authorized all work performed by YM that is now the subject of the "audit", reviewed and paid those charges on a monthly basis as they were invoiced, accepted the work and has therefore waived the right to rescind that acceptance and seek damages arising from the "audit". Prior to the lien being filed, Plaintiff never objected to the work that is now the subject of the "audit". These untimely and legally improper objections a being raised by the Plaintiff impermissibly as leverage against YM's legitimate lien and other contractual claims in bad faith, which if proven, may entitle the Defendant to an award of reasonable attorney's fees and costs under general maritime law.

3. As its Third Affirmative Defense or defense, YM asserts that Plaintiff engaged in spoliation of evidence by repairing the alleged leaking hatch in the master stateroom and replacing the carpet without providing YM with an opportunity to inspect toward preparing its defenses. This spoliation of evidence by Plaintiff has made it impossible for YM to defend itself against the allegations of the Complaint that pertain to the hatch leak and must result in the dismissal with prejudice of Plaintiff's claims related to the hatch in this lawsuit and/or a presumption being entered against Plaintiff at trial regarding the spoliation of evidence.

4. As its Fourth Affirmative Defense or defense, YM asserts that Plaintiff failed to provide YM with an opportunity to inspect and cure the alleged leaking hatch in the master stateroom after Plaintiff identified YM's work as deficient. The right to cure is required under breach of contract theory and breach of the implied warranty of workmanlike performance. In the

absence of an opportunity to cure, the Plaintiff's causes of action pertaining to the hatch leak must fail as a matter of law.

5. As and for a Fifth Affirmative Defense or defense, YM asserts that Plaintiff has failed to mitigate its damages, arising out of any alleged breach of contract or breach of warranty by YM. Plaintiff's damages must be reduced by its failure to mitigate damages to benefit YM.

6. As and for a Sixth Affirmative Defense or defense, YM asserts that its was not the cause of the leak in the master stateroom, which caused damage to the Plaintiff before YM began any troubleshooting activities or attempted repairs. YM is not responsible for this pre-existing damage caused the leak, the cost to repair the leak or the cost to repair the damage caused by the leak.

7. As and for a Seventh Affirmative Defense or defense, YM asserts the contractual relationship between itself and the Plaintiff is defined by the terms of the YM Monthly Service Plan, which comprises the agreement between these parties. The allegations in the Complaint which are inconsistent with the terms of the agreement must be dismissed as a matter of law.

8. As and for an Eighth Affirmative Defense or defense, YM asserts that any failure to maintain records called out in the YM Monthly Service Plan did not cause damages to the Plaintiff and therefore does not comprise a material breach of the contract between these parties.

9. As and for a Ninth Affirmative Defense or defense, YM asserts that it is entitled to a set off with regard to any monies received by the Plaintiff from its insurers, from the Vessel warrantor or any other entity that paid Plaintiff for damages that are being sought against YM in this litigation. Any damages awarded against YM must be reduced by the amount of the set off.

10. As and for a Tenth Affirmative Defense or defense, YM asserts that Plaintiff's claims regarding the "audit" and the purported $28,000.00 in "unauthorized work" are barred by the doctrine of

unclean hands as Plaintiff authorized, accepted and paid for this work, only to audit and raise objections after the lien was filed in a bad faith attempt to develop leverage against YM's legitimate lien claim and breach of contract damages.

11. YM reserves the right to plead additional defenses, affirmative defenses and specific denials as additional facts are learned through discovery.

## **COUNTERCLAIM AGAINST PLAINTIFF**

Defendant/Counterclaimant YM by and through its undersigned counsel, serves its Counterclaim against Plaintiff as follows:

## **GENERAL ALLEGATIONS**

1. This is a compulsory counterclaim that arises out of the same transaction under which Plaintiff seeks lien extinguishment, breach of contract and breach of the warranty of workmanlike performance as set forth in Plaintiff's Complaint.

2. This court has personal jurisdiction over the Plaintiff with regard to this counterclaim as Plaintiff submitted to the jurisdiction of this Court in filing its complaint.

3. This action is subject to the admiralty and maritime jurisdiction of the Court pursuant to Federal Rule of Civil Procedure 9(h) and 46 U.S.C. § 1333.

4. Venue is proper in the District Court for the Southern District of Florida for the counterclaim as the work giving rise to this counterclaim was performed within the, Plaintiff breached a contract within the district and due to the location of the subject Vessel.

5. Plaintiff/Counter-Defendant, Oyster Voyages, LLC, is a Florida limited liability company, located at 1261 Spanish River Road, Boca Raton, FL 33432.

6. Defendant/Counter-Plaintiff, Defendant, Yacht Management, LLC, is a Florida limited liability company, located at 490 N.E. 5th Avenue, #4111, Fort Lauderdale, Florida 33301.

7. All conditions precedent to filings this action have been performed, satisfied or waived.

8. YM has engaged the undersigned counsel to prosecute this counterclaim to collect YM's unpaid invoices from the Plaintiff and is obligated to pay counsel a reasonable fee and to reimburse for costs incurred.

9. On or about February 27, 2025, YM recorded a notice of claim of lien with the United States Coast Guard against the subject Vessel in the amount of $10,944.00.

10. YM's lien is valid and enforceable against the subject Vessel.

## COUNT I – BREACH OF CONTRACT

11. YM realleges and incorporates by reference Paragraphs 1-10 herein.

12. Plaintiff/ Counter-Defendant owns Sea of Perles, a 2022 80' Azimut Motor Yacht bearing Hull Identification Number XAXS8030F223.

13. On or about September 2, 2022, Plaintiff/ Counter-Defendant entered into the YM Monthly Service Plan, which is attached hereto as Exhibit "A"

14. Plaintiff/Counter-Defendant accepted the terms of the YM Monthly Service Plan via email, by paying the initial monthly service plan rate of $3,200.00 and by paying the month service plan rate in subsequent months.

15. The YM Monthly Service Plan constituted a valid contract between Plaintiff/Counter-Defendant and YM (hereinafter the "Contract").

16. Over the course of the contractual relationship between these Parties, the Plaintiff/Counter-Defendant, its captains and agents authorized YM to provide additional services beyond the included Monthly Service Plan these charges including maintenance, repair, provisioning, crewing and a variety of other services that the Plaintiff/Counter-Defendant desired YM to perform (hereinafter "additional services").

17. The additional services were invoiced to Plaintiff/Counter-Defendant, on a monthly basis, were reviewed and paid in the course of the Parties' contractual relationship without objection.

18. No substantial objections to additional services were made by the Plaintiff/Counter-Defendant until after YM filed its lien on or about February 27, 2025.

19. YM fully performed its obligations under the contract by completing the scope of work set forth in its invoices attached as Exhibit "B", which are the invoices that comprise the lien filed against the subject Vessel.

20. Plaintiff/Counter-Defendant materially breached the contract by refusing to pay YM invoices 1869, 1878 and 1890 (*See* Exhibit "B") on receipt despite YM fully performing its obligations under these invoices.

21. As a direct and proximate result of Plaintiff/Counter-Defendant's breaches of the contract, YM has suffered monetary damages in the amount of $10,944.00, costs of collection, attorney's fees and loss of interest on the sums owed.

22. The contract (Exhibit "A") provides as follows:

    a. 4. Invoices will be emailed every 30 days, or upon completion of a particular cruise or project. Payment is due upon receipt.

    b. 5. Invoices not paid in full after thirty (30) days will incur a 5% late fee of the original total amount due. Invoices not paid after 60 (sixty) days will incur a notice of a lien and the owner will be responsible for all legal and collection fees including, but not limited to the full amount of interest and penalties allowed per Florida state law.

    c. 9. In the event either party resorts to litigation to resolve any dispute relating to the services provided by YM or any of the activities of YM arising out of this contract the prevailing party in such litigation shall be entitled to recover the legal fees and costs incurred by such party in the court proceeding.

WHEREFORE, the Defendant/Counterclaimant YACHT MANAGEMENT, LLC respectfully requests this Court enter judgment in its favor against Plaintiff/Counter-Defendant OYSTER VOYAGES, LLC, finding that the lien recorded with the Coast Guard is valid, for all

damages arising from the breach of contract, together with costs of collection, attorney's fees and prejudgment interest running from each invoice's due date and for all other relief this Court deems just and proper.

                                      Respectfully Submitted,

**/s/ Andrew N. Mescolotto**
ANDREW N. MESCOLOTTO (28141)
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
PH:   (954) 763-5020
FX:   (954) 763-5412
anm@fertig.com
Attorney for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on May 28, 2025 on all counsel or parties of record on the Service List below.

                                      /s/ Andrew N. Mescolotto
                                      Andrew N. Mescolotto
                                      Fertig & Gramling

## SERVICE LIST

| ANDREW N. MESCOLOTTO (28141) | FIORILLI LAW GROUP, P.A.(111481) |
|---|---|
| anm@fertig.com | 3001 West State Road 84, Third Floor |
| FERTIG AND GRAMLING | Fort Lauderdale, Florida 33312 |
| 200 Southeast 13th Street | Office: (954) 797-7719 |
| Fort Lauderdale, FL 33316 | Direct: (561) 727-9337 |
| PH:   (954) 763-5020 | E-mail: justin@fiorillilaw.com |
| FX:   (954) 763-5412 | E-mail: isaiah@fiorillilaw.com |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |
| *Via CM/ECF* | *Via CM/ECF* |